# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50533
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES MALADY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CR-189-21

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

James Malady appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine. He argues that the district court clearly erred in refusing to grant a two-level reduction in his sentence pursuant to U.S.S.G. § 3B1.2 because of his allegedly minor role in the offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50533

In order to be eligible for a § 3B1.2 sentencing reduction, a defendant must show that he was "substantially less culpable than the average participant" in the subject offense. *See United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005). In this case, the district court denied a § 3B1.2 reduction to Malady based on its finding that Malady was an "average participant" in a drug trafficking operation. The district court's finding was not clearly erroneous. The record established that, during the course of certain wiretap intercepts, Malady was identified discussing the buying and selling of methamphetamine from other participants in the operation in order to supply his customers. Malady met with methamphetamine suppliers on several occasions to obtain methamphetamine. Malady also admitted that he used a supplier's vehicle to transport and deliver methamphetamine.

Malady avers that the district court denied him a § 3B1.2 reduction because his sentence was based on the criminal activity in which he was actually involved. Malady claims this was error. While a § 3B1.2 reduction "remains available for a defendant . . . who was only held accountable for the conduct in which he was personally involved," it is not available to an average participant. *Villanueva*, 408 F.3d at 203-04. In this case, the district court denied Malady a § 3B1.2 reduction on the grounds that Malady was an "average participant" and not because he was being held accountable for the illegal conduct in which he was personally involved. Because the district court's finding that Malady was an average participant is not clearly erroneous, the district court did not commit error in denying Malady a § 3B1.2 reduction. *See id.* at 203.

AFFIRMED.

2